UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA MATARAZZO, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>EQUIFAX, LLC,<br><br>　　　　　　　　　　Defendants. | CLASS ACTION<br><br><br>C.A. NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - CLASS ACTION

### INTRODUCTION

1.　　Plaintiff brings this class action against Defendants to obtain relief for herself and the class she proposes to represent for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq*.

2.　　Defendant operates as a consumer reporting agency (CRA) to prepare and furnish consumer reports for employment and other purposes. Defendants furnished such consumer reports to prospective and existing employers of the Plaintiff and the putative class. Many of these employers did thereafter refuse to hire or did discharge Plaintiff and other consumers based in whole or in part on the consumer reports.

3.　　Plaintiff alleges a class claim under 15 U.S.C. §1681k because Defendant did not provided Plaintiff and other similarly situated consumers timely and lawful notice that it was furnishing an employment-purposed consumer report "at the time" it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain

and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long standing requirements denied the Plaintiff and each putative class member these important rights.

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant does substantial business here, significant facts occurred here and the Plaintiff resides here.

## PARTIES

6. Lisa Matarazzo (hereinafter "Plaintiff") is a "consumer" as protected and governed by the FCRA.

7. Defendant Equifax Information Services, LLC ("Equifax") is a "consumer reporting agency", as defined and governed by the FCRA, which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment.

## FACTS

8. In or around July 2009, plaintiff applied for a job with the United States Government, Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "Employer").

9. On or after August 26, 2009, the Employer requested and received from Equifax a

consumer report regarding the Plaintiff that contained at least one item of information which was a matter of public record and of the type of information (a Bankruptcy) that was likely to have an adverse effect upon a consumer's ability to obtain employment generally as well as with the Employer. Plaintiff learned of the report within two years from it being provided by Equifax to the Employer.

10. The report furnished by Equifax was furnished for an employment purpose.

11. No letter or other communication containing the information described at 15 U.S.C. § 1681k(a)(1) was ever received by the Plaintiff from Equifax.

12. On information and belief, the Plaintiff alleges that Equifax never sends such notice letters "at the time" it furnishes an employment consumer report containing derogatory public record information.

13. During this process, the Plaintiff did not receive an actual copy of her consumer report from the Employer.

14. The following inaccuracies appeared in the Equifax report of October, 2009:

   a. The Discover Card, "charge off" is a business credit card belonging to plaintiff's husband for which plaintiff was only an authorized user (disputed electronically with Equifax without reply);

   b. The Portfolio Recovery Services item duplicates the Capital One "charge off" account;

   c. First Premier item is listed "pays as agreed" when in fact the account was settled in full and closed;

   d. Household item is listed "pays as agreed" when in fact the account was settled

and closed;

e. TRS/SST accounts are duplicate items.

15. As a result of the consumer report, the Employer refused to hire or approve for hire the Plaintiff.

16. Despite providing a report for employment purposes to Plaintiff's and putative class members' prospective employers containing public record information likely to have an adverse affect upon their ability to obtain or maintain employment, Defendant failed to provide notice "at the time" of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported.

17. On information and belief, Plaintiff alleges that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. §1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information. Title 15 U.S.C. §1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

18. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

19. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

20. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights

under the FCRA.

21. Plaintiff learned of the report within two years from the filing of this action.

### COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)
### (CLASS ACTION)

21. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

22. **The Equifax Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of an Equifax consumer report (b.) that was furnished for an employment purpose, (c.) that contained at least one record of a civil tax lien, bankruptcy or civil judgment (d.) within two years next preceding the filing of this action and during its pendency, and (e.) to whom Equifax did fail to mail (place in the United States mail postage pre-paid), on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

23. **The United States Government Sub-Class**. Plaintiff also alleges this additional Sub-class, of which Plaintiff is a member:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a Equifax consumer report (b.) that was furnished for an employment purpose, (c.) to the United States Government (d.) that contained at least one record of a civil tax lien, bankruptcy or civil judgment (e.) within two years next preceding the filing of this action and during its pendency, and (f.)

to whom Equifax did fail to mail (place in the United States mail postage pre-paid), on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendants, any attorney appearing in this case, and any judge assigned to hear this action.

24. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

25. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when it did so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

26. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

27. **Adequacy.** Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and her Counsel

will fairly and adequately protect the interests of members of the Class.

28.     **Superiority.**   Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  FED. R. CIV. P. 23(b)(3).  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

29.     Defendant's failure to timely provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. §1681k(a)(1).

30.     The conduct, action, and inaction of Defendant were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

31.     Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15

U.S.C. §1681n.

32.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n.

## JURY TRIAL DEMAND

33.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

b. That judgment be entered for the class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. § 1681k(a) pursuant to 15 U.S.C. § 1681n;

c. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n; and,

d. That the Court grant such other and further relief as may be just and proper.

Dated: August 24, 2011                              RC935
                                                    ROBERT P. COCCO, P.C.
                                                    By:  Robert P. Cocco, Esquire
                                                    Pa. Id. No. 61907

1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

/s/Leonard A. Bennett,
VSB #37523
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
*Pro Hac Vice Pending*

James A. Francis
Francis & Mailman, P.C.
100 S. Broad Street
19th Floor
Philadelphia, PA 19110
(215) 735-8600
jfrancis@consumerlawfirm.com

Attorneys for Plaintiff and the Class