IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LISA MATARAZZO, on behalf of herself and all others similarly situated,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**EQUIFAX INFORMATION SERVICES, LLC,** )<br>)<br>**Defendant.** )<br>) | **Civil Action No. 11-5439**<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO EXTEND TIME TO MOVE FOR CLASS CERTIFICATION**

Plaintiff Lisa Matarazzo, by counsel, hereby moves for an extension of time to file her Motion for Class Certification in this case under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA"). The action was brought on behalf of consumers for whom the Equifax credit reporting agency sold a consumer report with a derogatory public record (e.g. tax lien, bankruptcy or judgment) to their employer, without timely notifying them.

**I.     BACKGROUND**

This case was filed on August 29, 2011 (Doc. 1) and an Amended Complaint was filed on October 20, 2011 (Doc. 5). Plaintiff seeks to represent two classes of similarly situated employment applicants who: (1) First Class: beginning two years prior to the filing of this action and continuing through the time of judgment in this action, were the subject of an employment consumer report prepared by Equifax which included at least one record of a civil tax lien, bankruptcy or civil judgment to whom Equifax failed to mail on the day it furnished the report the required written notice; and (2) Second Class: beginning two years prior to the filing of this

action and continuing through the time of judgment in this action, were the subject of an employment consumer report prepared by Equifax and sent to the U.S. government which included at least one record of a civil tax lien, bankruptcy or civil judgment to whom Equifax failed to mail on the day it furnished the report the required written notice.  *See* Amend. Complaint, Doc. 5 at ¶¶ 25-26.

Defendant filed a Consent Motion to Extend its Answer Deadline until January 31, 2012 on November 21, 2011 (Doc. 9).

No pretrial conference has been scheduled.

## II.     ARGUMENT

Local Rule 23.1 ordinarily requires that a class certification motion be filed within 90 days after the filing of the complaint, "unless this period is extended on a motion of good cause appearing."  The application of that time frame to this case would indicate that Plaintiff's class certification motion would be filed around this time.

Local Rule 23.1 because effective July 1, 1995, at a time when Fed. R. Civ. P. 23(c) required that the determination whether to certify a class be made "as soon as practicable after commencement of an action."  However, effective December 1, 2003, Fed. R. Civ. P. 23(c) was amended to require instead that "the court must – *at an early practicable time* – determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A) (emphasis supplied).

According to the Advisory Committee Notes, subdivision (c)(1)(A) was changed because the "as soon as practicable" language "neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision," citing Willging, Hooper & Niemic, EMPIRICAL STUDY OF CLASS ACTIONS IN FOUR FEDERAL DISTRICT COURTS; FINAL

REPORT TO THE ADVISORY COMMITTEE ON CIVIL RULES 26-36 (Federal Judicial Center 1996). The Notes go on to explain that the Rule was changed to reflect that time may be needed to gather information necessary to make the certification decision and that it might make sense for a court to rule on dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.  Advisory Committee Notes to 2003 Amendments.

Local Rule 23.1(c) has not been revised to comport with the 2003 amendments to Rule 23(c).  But the time limit in the Local Rule has arguably been superseded by the amendments to Rule 23 because the basis for the 90-day time period in the Local Rule was the former language in Rule 23 that decision on certification be made "as soon as practicable after commencement of an action."  No case could be found analyzing the Local Rule's 90-day time period in light of the 2003 amendments to Rule 23(c).  However, the Third Circuit recently affirmed a district court's exercise of discretion in denying a class certification motion that was untimely under a similar local rule in the Western District.  *Fowler v. UPMC Shadyside*, 2009 WL 2501662, at *8 (3d Cir. Aug. 18, 2009).

Here, Plaintiff seeks an extension of time to move for class certification until thirty (30) days after the close of class certification discovery or other date as ordered by this Court after a Rule 16 Conference.  Courts in this district often delay rulings on class certification to permit discovery to proceed.  *See e.g.*, *Karnuth v. Rodale*, 2003 U.S. Dist. LEXIS 12095 (E.D. Pa. Aug. 16, 2003) (Van Antwerpen, J.) ("We will postpone a Rule 23(b)(3) finding, pursuant to Local Rule 23.1(c), until the close of discovery"); *Gomberg v. Western Union Corp.*, 1997 WL 1338938, at *5 (E.D. Pa. June 16, 1997) (Yohn, J.) (failure to move for class certification within 90 days reasonable under the circumstances of particular case where, among other things, "it

would have been imprudent to proceed with a motion for certification without an opportunity for discovery" and defendants were not prejudiced by delay).

Good cause exists for the requested extension of time. The case is in its very early stages, Defendant's motion to extend its answer deadline is still pending before this Court, and discovery has not yet commenced. No pretrial conference has been held and no case management plan has yet been developed.

### III.    CONCLUSION

For all the above reasons, Plaintiff respectfully requests that this Court find there is good cause and grant her request for an extension of time to file her Motion for Class Certification until thirty (30) days following the close of class discovery.

Dated: November 22, 2011                        Respectfully submitted,

                                                         **FRANCIS & MAILMAN, P.C.**

By:    */s/ James A. Francis*
       JAMES A. FRANCIS
       ERIN A. NOVAK
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA  19110
       (215) 735-8600

       **Robert P. Cocco, P.C.**
       ROBERT P. COCCO
       1500 Walnut Street, Suite 900
       Philadelphia, PA  19102
       (215) 351-0200

       *Attorneys for Plaintiff and the Class*